UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH MANGIAPANE,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>    Defendants. | Case No. 19-cv-02014-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 11 |

Pending before the Court is a motion to remand filed by Plaintiff Beth Mangiapane. *See* Dkt. No. 11. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to remand.

**I.    BACKGROUND**

Plaintiff filed this action in Santa Clara County Superior Court on March 12, 2019. *See* Dkt. No. 1-1, Ex. A ("Compl."). Plaintiff alleges that on January 30, 2011, she purchased a vehicle manufactured by Defendant Ford Motor Company ("Ford") from Defendant Tuttle-Click Ford Lincoln Mercury, Inc. ("Tuttle-Click"), a Ford dealership. *Id.* at ¶¶ 8–9. The vehicle was covered by an express 3-year/36,000-mile bumper-to-bumper warranty and a 5-year/60,000-mile powertrain warranty from Ford. *Id.* at ¶ 9. Under the warranty, Ford undertook to maintain the utility and performance of the vehicle or to provide compensation in the event of a failure in utility or performance. *Id.* Accordingly, Plaintiff could deliver the vehicle to Ford's representative for repair in the event of a defect. *Id.*

Plaintiff identifies several defects that developed during the warranty period that impaired the use, value, or safety of the vehicle. *See id.* at ¶ 10. However, Plaintiff alleges that Defendants

1 did not cure these defects, replace the vehicle, or make other restitution, despite having several opportunities to do so. *Id.* ¶¶ 11, 26. Based on these allegations, Plaintiff asserts several causes of action, including for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.* ("Song-Beverly"). *See id.* at ¶¶ 8–46. Plaintiff's only cause of action against Tuttle-Click is Count Five, for breach of the implied warranty of merchantability. *See id.* ¶¶ 29–33.

Defendants removed this action on April 15, 2019, asserting diversity jurisdiction. *See* Dkt. No. 1. Plaintiff now seeks to remand the action back to state court. *See* Dkt. No. 11.

## II. LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). To properly invoke diversity jurisdiction, the defendant bears the burden of proving that the parties in the action are completely diverse, meaning that "each plaintiff [is] of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

If the district court lacks jurisdiction over an action, a plaintiff may seek remand to state court. *See* 28 U.S.C. § 1447(c). There is a "strong presumption" in favor of remand, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Guas v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper . . . ." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

## III. DISCUSSION

Here, Defendants' notice of removal states that there is complete diversity because

Plaintiff is a citizen of California[1] and Ford is a citizen of Michigan and Delaware. *See id.* at ¶¶ 19, 36. Defendants further assert that the only claim against Tuttle-Click, the non-diverse Defendant, is barred by the statute of limitations. *See id.* at ¶ 2. As such, Defendants state that Tuttle-Click was fraudulently joined, and its California citizenship should not defeat federal diversity jurisdiction. *Id.* at ¶ 36. Alternatively, Defendants request that the Court exercise its discretion under Federal Rule of Civil Procedure 21 to sever Tuttle-Click from this action. *See id.* at ¶¶ 34–36. The Court addresses each argument in turn.

### A. Fraudulent Joinder

Tuttle-Click, as a corporation organized under the laws of California, would ordinarily defeat federal diversity jurisdiction because Plaintiff is also a citizen of California. *See* Compl. ¶¶ 2, 5. Although the removing party must establish complete diversity, "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548. The Ninth Circuit has clarified that there are two ways to establish fraudulent joinder:

> (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.

*Id.* (quotation omitted). In the absence of actual fraud, therefore, a defendant must "show[] that an individual joined in the action cannot be liable on any theory." *Id.* "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (emphasis added). In other words, joinder is only fraudulent if it is "obvious according to the settled rules of the state that [the plaintiff] has failed to state a claim against [the resident

---

[1] The Court is not persuaded by Plaintiff's attempt to demur as to whether she is a citizen of California. *See* Dkt. No. 11-1 at 2, n.2. Defendant's notice of removal alleges that Plaintiff is a citizen of California, *see* Dkt. No. 1 at ¶ 18, and her complaint states that she "is a resident of Orange County, California," *see* Compl. ¶ 2. "[A]bsent evidence about domicile to the contrary," Plaintiff's California residence provides a factual basis for Defendants' allegation that she is a California citizen. *See, e.g.*, *Ervin v. Ballard Marine Constr., Inc.*, No. 16-CV-02931-WHO, 2016 WL 4239710, at *3 (N.D. Cal. Aug. 11, 2016) (collecting cases); *Covarrubias v. Ford Motor Co.*, No. 19-CV-01832-EMC, 2019 WL 2866046, at *5, n.2 (N.D. Cal. July 3, 2019).

defendant]." *See Hunter*, 582 F.3d at 1046 (quotation omitted).

Thus, courts have found fraudulent joinder "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant," including where "a plaintiff is barred by the statute of limitations from bringing claims against that defendant." *Grancare*, 889 F.3d at 548. However, in contrast, it is not enough to sustain a finding of fraudulent joinder where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548–49 (citing *Hunter*, 582 F.3d at 1046).

Here, Defendants contend that Plaintiff's sole cause of action against Tuttle-Click for breach of the implied warranty of merchantability is barred by the statute of limitations. *See* Dkt. No. 1 at 5–8; Dkt. No. 14 at 3–11. Under California law, the applicable statute of limitations is four years from the date the vehicle was delivered. *See* Cal. Com. Code § 2725(1)–(2); *see also Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1305–06 (Cal. Ct. App. 2009). Because Plaintiff took delivery of the vehicle on or about January 30, 2011, her cause of action for breach of the implied warranty accrued on that date, and the statute of limitations expired on January 30, 2015. *See* Compl. ¶ 8. But Plaintiff did not file this action until March 12, 2019.

In response, Plaintiff cites several tolling doctrines—the future performance exception, the repair doctrine, and fraudulent concealment—that she contends apply so as to make her claim against Tuttle-Click viable. *See* Dkt. No. 11 at 7–11.

### i. Future Performance

Plaintiff first contends that the statute of limitations should not begin to run until the discovery of the breach. *See* Dkt. No. 11 at 8. In support of this theory, Plaintiff cites to an exception in California Commercial Code § 2725, which states that "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *See id.* (citing Cal. Com. Code § 2725(2)). Plaintiff suggests that because Ford's *express* 5-year/60,000-mile powertrain warranty extends to future performance, somehow the *implied* warranty of merchantability is tolled during the duration of the express warranty. *See id.* at 9–10.

4

The California Court of Appeal has emphasized that the future performance exception "must be narrowly construed," as it "applies only when the seller has *expressly* agreed to warrant its product for a specific and defined period of time." *See Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 130, 134 (Cal. Ct. App. 2008) (emphasis added). "Because an implied warranty is one that arises by operation of law rather than by an express agreement of the parties, courts have consistently held it is not a warranty that explicitly extends to future performance of the goods . . . ." *Id.* at 134 (collecting cases).

Plaintiff relies on *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 211 (Cal. Ct. App. 1991), but *Krieger* does not hold that the four-year statute of limitations for implied warranties can be tolled for the duration of an express warranty. *Id.*; *accord Covarrubias*, 2019 WL 2866046 at *3; *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 1745948, at *12–13 (N.D. Cal. May 3, 2016). Because Plaintiff's cause of action against Tuttle-Click is for breach of an implied warranty, the future performance exception is inapplicable to her claim.

### ii. Repair Doctrine

Next, Plaintiff suggests that the four-year statute of limitations was tolled under the "repair doctrine." *See* Dkt. No. 11 at 10–11. California Civil Code § 1795.6 states that:

> Notwithstanding the date or conditions set for the expiration of the warranty period, such warranty period shall not be deemed expired if . . . the warranty repairs or service performed upon the nonconforming goods did not remedy the nonconformity for which such repairs or service was performed and the buyer notified the manufacturer or seller of this failure within 60 days after the repairs or service was completed. When the warranty repairs or service has been performed so as to remedy the nonconformity, the warranty period shall expire in accordance with its terms, including any extension to the warranty period for warranty repairs or service.

Cal. Civ. Code § 1795.6(b). However, as the plain language of the provision makes clear, Section 1795.6 addresses extending the "warranty period," not tolling the statute of limitations, during the time of repair. *Id.*; *cf.* Judicial Council of California Civil Jury Instructions Nos. 3212, 3231. The one-year implied warranty duration can be lengthened by the number of days that the vehicle was available for repairs under the warranty. *Id.* Even assuming extending the duration of the

5

1  implied warranty under the repair doctrine would concomitantly extend the statute of limitations,
2  Plaintiff did not file this action until eight years after she purchased the vehicle, *see* Compl. ¶ 8,
3  and seven years after the implied warranty ordinarily would have expired. Thus, for the repair
4  doctrine to somehow preserve Plaintiff's implied warranty claim, the vehicle would have had to be
5  under repair for seven of the eight years that Plaintiff owned the vehicle. The Court finds it
6  entirely implausible that Plaintiff could toll the statute of limitations under the repair doctrine.

### iii. Fraudulent Concealment

Lastly, Plaintiff contends that Defendants' fraudulent concealment tolls her implied warranty claim against Tuttle-Click. *See* Dkt. No. 11 at 8, 11. The California Supreme Court has explained that "[t]he doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (Cal. 2013). The underlying purpose of the doctrine is "that the defendant, having by fraud or deceit concealed material facts and by misrepresentations hindered the plaintiff from bringing an action within the statutory period, is estopped from taking advantage of his own wrong." *Inv'rs Equity Life Holding Co. v. Schmidt*, 195 Cal. App. 4th 1519, 1532 (2011), *as modified* (Cal. Ct. App. June 15, 2011); *Regents of Univ. of California v. Superior Court*, 20 Cal. 4th 509, 533 (Cal. 1999) ("In articulating the doctrine, the courts have had as their purpose to disarm a defendant who, by his own deception, has caused a claim to become stale and a plaintiff dilatory.").

As an initial matter, the Court notes that Plaintiff's complaint and motion to remand suffer from significant drafting errors, including intermittently referring to "Defendants," plural, and "Defendant," singular. *See, e.g.*, Compl. ¶ 33 ("Plaintiff has been damaged by *Defendant's* failure to comply with *its* obligations under the implied warranty" (emphasis added)); Dkt. No. 11-1 at 11 ("Plaintiff has sufficiently alleged that *Defendant* failed to disclose and actively concealed material facts from Plaintiff" (emphasis added)). Nevertheless, Plaintiff alleges in the complaint that "Ford was well aware and knew that the Sync system installed on the subject vehicle was defective but failed to disclose this fact to Plaintiff at the time of sale and thereafter," and that "[Ford] has issued various technical bulletins to its dealers." *See* Compl. ¶¶ 36–46, & n. 1.

Plaintiff further explains that Ford acquired this knowledge, at least in part, through "Ford's network of dealers." *See id.* at ¶ 39. Although such inartfully pleaded allegations may well fail to survive a motion to dismiss, the standard for demonstrating fraudulent joinder is a high one. The Court thus cannot conclude that it would be impossible for Plaintiff to allege fraudulent concealment tolling sufficient to state a claim against Tuttle-Click were she given leave to amend. *See Grancare*, 889 F.3d at 548; *see also Heslop v. Ford Motor Co.*, No. 19-CV-01422-LHK, 2019 WL 3026954, at *3 (N.D. Cal. July 11, 2019) (finding that "it is not impossible for Plaintiffs to state a viable implied warranty claim against [the dealership]" because "fraudulent concealment tolling applies to claims brought under the Song-Beverly Act"); *Cavale v. Ford Motor Co.*, No. 118CV00680LJOBAM, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018) (same). The Court therefore finds that Defendants have not met the high bar of establishing that Tuttle-Click was fraudulently joined. *See Hunter*, 582 F.3d at 1042 ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper . . . .").

### B. Federal Rule of Civil Procedure 21

Alternatively, Defendants request that the Court sever Tuttle-Click from the action under Federal Rule of Civil Procedure 21. *See* Dkt. No. 14 at 10–11. Rule 21 provides that a court may *sua sponte* "at any time, on just terms, add or drop a party." *See* Fed. R. Civ. P. 21; *Sams v. Beech Aircraft*, 625 F.2d 273, 277 (9th Cir. 1980) (holding that Rule 21 "grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19"). However, the Court declines to exercise its discretion to sever Tuttle-Click as it would run counter to judicial efficiency, and it would create an end-run around the Ninth Circuit's admonition that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Guas*, 980 F.2d at 566. Plaintiff's claims against both Ford and Tuttle-Click involve the same vehicle and the same alleged defects, and Plaintiff brings its implied warranty of merchantability claim against both Defendants. *See* Compl. at ¶¶ 29–33.

//

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the motion to remand and **REMANDS** the case to Santa Clara County Superior Court. The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 10/16/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge